# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| SHIEKH NYANG, | ) |
| Petitioner, | ) |
| v. | ) 4:19-cv-01459-RDP-HNJ |
| WILLIAM BARR, et al., | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

The Magistrate Judge filed a report and recommendation on December 6, 2019, recommending that this petition for *habeas corpus* relief filed pursuant to 28 U.S.C. § 2241 be dismissed without prejudice. (Doc. 17). Petitioner filed timely objections. (Doc. 24).

Petitioner asserts that his sole challenge relates to the detainer underlying his arrest and subsequent custody. (Doc. 24 at 6). He restates his argument that the "287(g) program … relied upon error ridden databases that cannot be used to establish probable cause for arrest and removability [and] constitutes an egregious violation of the Fourth and Fifth Amendment rights…." such that he must be released from custody.[1] (*Id*., at 15). Petitioner further argues that because he

---

[1] To the extent Petitioner challenges his arrest by Georgia state officials in Cobb County, Georgia (*see* doc. 24 at 16), that claim has been raised in Petitioner's civil rights action filed in the Northern District of Georgia. *See Nyang v. Olens, et al.,* case no.: 1:19-cv-4406-LMM-CCB (N.D. Ga. Sept. 30 2019).

received DACA protection from "October 10, 2012 until 2015," ICE officials did not have reasonable suspicion or probable cause to issue a detainer for him. (Doc. 24 at 17). However, the legitimacy of Petitioner's initial arrest is not properly brought in this habeas action. *See e.g., INS v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984) ("the mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding"); *Ballesteros v. Ashcroft*, 452 F.3d 1153, 1160 (10th Cir. 2006) (recognizing that the remedy for illegal arrest lies in a *Bivens* action and not within habeas relief.)

Petitioner next asserts that, outside of enumerated offenses and national security risks, an immigration detainer may only issue if an individual is already subject to a final order of removal. (Doc. 24 at 17-18). Petitioner recognizes that a final order of removal was entered against him on July 15, 2014, "before the issuance of two of his ICE detainers." (*Id*., at 18; *see also* Doc. 12-2 at 3). Therefore, a final order of removal existed prior to his September 17, 2017, arrest in Cobb County, his subsequent conviction, and his transfer to ICE custody based on an ICE detainer in August 2018.

Petitioner argues the court should find in his favor on his Fourth Amendment claim (Doc. 24 at 21) and cites *Gonzalez v. ICE*, -- F.Supp.3d--, 2019 WL 4734579

(C.D. Calif. Sept. 27, 2019). The *Gonzalez* case is not binding on this court and is based on a different law and a different set of facts than those presented here.[2]

To the extent Petitioner challenges the failure to release him on bond after his October 21, 2013, arrest because of the ICE detainer (Doc. 24 at 22-23), that claim is moot. Petitioner does not assert that he is still held on the same charges from 2013, nor that he is detained based on the 2014 ICE detainer. *See e.g., Bohannon v. Capozza*, 2019 WL 367037, *2 (W.D. Penn, Jan 30, 2019) ("the detainer that Petitioner alleged to have been unlawful and to have caused him to be illegally held in custody … is no longer in existence, and hence, no matter what the Court rules concerning the validity of the detainer, it is eminently clear that this habeas petition is now moot and should be dismissed…."), citing *Ogunde v. Holder*, 563 F. App'x 237, 237 (4th Cir. 2014) (holding once a detainer is no longer in effect, the appeal is moot).

Petitioner's argument (Doc. 24 at 26-27) that detainers in general violate the Fifth Amendment's due process clause on both procedural and substantive grounds fares no better because, again, Petitioner is not subject to a current detainer. Moreover, the decision to detain an alien for purposes of securing his removal falls

---

[2] That case, brought by two United States citizens on behalf of a class, addressed their detention based on ICE databases misidentifying them as deportable aliens. *See Gonzalez*, 2014 WL 12605368, *2 (C.D. Calif. Jul. 28, 2014) and *Gonzalez*, 2019 WL 4734579, *13 (C.D. Calif. Sept. 27, 2019). Petitioner here does not set forth any evidence that he is a United States citizen or that, but for database errors, he would not have been detained.

within the jurisdictional bar of 8 U.S.C. § 1252(g). *See Alvarez v. U.S. ICE*, 818 F.3d 1194, 1203-04 (11th Cir. 2016). As previously noted, a final order of removal for the petitioner issued in 2014. It is that final order, and not the 2018 detainer, which is the cause of Petitioner's current detention.

Petitioner's claim that ICE detainers violate the Tenth Amendment (Doc. 24 at 30-31) also lacks merit. Each of the courts to consider the issue have found detainers to be requests. *See e.g., City & Cty of San Francisco v. Trump*, 897 F.3d 1225, 1241 n. 7 (9th Cir. 2018) (citing *Galarza v. Szalczyk*, 745 F.3d 634, 643 (3d Cir. 2014)); *Lopez-Aguilar v. Marion Co. Sheriff's Dept.*, 296 F.Supp.3d 959, 974 (S.D.Ind. 2017) (ICE detainers invite state cooperation but do not direct the state to do anything); *Moreno v. Napolitano*, 2014 WL 4911938, *6 (N.D.Ill. Sept. 30, 2014) (ICE detainers are not mandatory directives to state and local LEAs). The court agrees with the analyses of these courts on that issue.

After a *de novo* consideration of the entire file in this action, including the report and recommendation and Petitioner's objections thereto, the court **OVERRULES** Petitioner's objections, **ADOPTS** the Magistrate Judge's report and **ACCEPTS** his recommendation. The court finds that the petition for writ of habeas corpus is due to be **DISMISSED WITHOUT PREJUDICE**.

A separate order will be entered.

**DONE** and **ORDERED** this February 4, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE